**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| ISSAC JERMAINE BROWN, <br> #14212-171, <br>                 Petitioner, <br> v. <br><br> JOHN J. LAMANNA, Warden, <br>                 Respondent. | CIVIL ACTION NO. 3:08-1918-HMH-JRM <br><br> **REPORT AND RECOMMENDATION** |

      Petitioner, Issac Jermaine Brown ("Brown"), is an inmate at FCI-Edgefield serving a sentence of one hundred and eighty (180) months imprisonment imposed in the District of South Carolina for being a felon in possession of a firearm. He filed a petition for a writ of habeas corpus on May 19, 2008 pursuant to 28 U.S.C. § 2241. Respondent filed an "Answer and Motion to Deny Habeas Petition" on July 15, 2008. Because Brown is proceeding *pro se,* an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on July 23, 2008 explaining his responsibility to respond to Respondent's motion. Brown filed his response on September 15, 2008.

      Brown asserts that (1) "the Bureau of Prisons abused its discretion by failing to correct inaccuracies in Petitioner's criminal history file"; and (2) "the Bureau of Prisons and the U.S. Office of Probation" failed to meet "the requirements of the Privacy Act." His claims concern alleged inaccuracies in his Presentence Investigation report ("PSI") which are now being used by the Bureau of Prisons ("BOP") as a factor in determining his custody and security classification.

      The portion of the PSI dealing with Brown's criminal history is attached to Respondent's

1

memorandum. (Res.Mem., Ex.4).  Brown argues that two of the charges listed in the PSI  "are juvenile convictions which were obtained in the absence of counsel." (Pet., Ex. A).  He also argues that two other convictions should have been grouped together and treated as a single offense.

Brown apparently first raised the issues relating to these convictions in a letter to the Probation Officer who prepared the PSI.  In that letter he stated that these convictions were "being used to determine my custody level classification." (Pet., Ex. A).  He provided copies of state court sentencing sheets that show he was not represented by counsel when he pled guilty to the two "juvenile" offenses.[1]  The Probation Officer responded by letter of November 1, 2007 that "your presentence report was computed and reported correctly."  The Probation Officer explained that the "juvenile" convictions were not used in computing Brown's criminal history because they were "out of the time frame" and that the two other convictions had been properly grouped. (Pet., Ex. C).

Brown next used the BOP grievance system to attempt to remove these convictions from his record.  His appeals were ultimately denied by the Administrator of National Inmate Appeals. (Pet., Exs. E-N).

BOP, as required by its regulations, calculated Brown's security level and custody classification in accord with "Program Statement 5100.08, Inmate Security Designation and Custody Classification". (Res.Mem., Ex. 3).  This process involves an annual review of the prisoner's security level and custody classification.  BOP uses a point system to determine the prisoner's "score" to be used in the classification.  One of the factors considered is the inmate's criminal history score. BOP uses the points as determined by the Probation Office in the PSI to determine the prisoner's criminal

---

[1] Brown was seventeen years of age at the time and was prosecuted in the Court of General Sessions. He was sentenced under the South Carolina Youthful Offender Act. (Pet., Ex. B).

2

history score. Thus, there is a direct relation between the criminal history points found by the court at sentencing and the inmates criminal history score used by BOP as a factor in determining the inmate's security and custody classification.[2]

**1. Habeas**

Brown brought this action using the standard form for seeking habeas relief under U.S.C. § 2241. Respondent argues that his claim is not cognizable in a habeas action.

The Fourth Circuit touched on circumstances under which federal prisoners may bring a habeas action in In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255...When, however, § 2255 proves 'inadequate or ineffective to test the legality of...detention,' a federal prisoner may seek a writ of habeas corpus pursuant to 28 U.S.C.A. § 2241". In a footnote the court explained that "attacks on the execution of a sentence are properly raised in a § 2241 petition." *Id*, n. 5.

"The precise meaning of 'execution of a sentence' is hazy." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242 (3d cir. 2005). The Fourth Circuit has yet to offer specific guidance. Courts routinely find jurisdiction in the obvious case where a federal prisoner challenges BOP's computation of his sentence and release date by a § 2241 petition. On the other hand courts reject

---

[2] Due Process forbids reliance on materially false or unreliable information in imposing sentence. Townsend v. Burke, 334 U.S. 736 (1948). Rule 32, Fed. R. Crim. P., provides a framework for the preparation and use of a PSI. The defendant is entitled to a copy of the PSI in advance of sentencing, and he has the right to file objections. The sentencing court must rule on controverted matters. Rule 32(i)(3)(B). Finally, the court "must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons." (Rule 32(i)(3)(C)). There is no indication that Brown objected to the PSI at sentencing, or direct appeal, or through his § 2255 motion.

3

§ 2241 petitions for lack of jurisdiction in cases where a federal prisoner challenges the conditions of his confinement including transfer from one facility to another. Some courts have held that if a federal prisoner is seeking what can fairly be described a "quantum change in the level of custody" a § 2241 petition is appropriate. *See e.g.* Bunn v. Conley, 309 F.3d 1002, 1007 (7th Cir. 2002). In Paschal v. Bauknecht, 2007 WL 4568979 (D.S.C. ), Judge Anderson specifically rejected BOP's argument that the Court did not have jurisdiction to consider a § 2241 petition where the prisoner challenged BOP's denial of placing him in a halfway house. Many courts have agreed, apparently concluding that a transfer from a BOP facility to a halfway house amounts to a quantum change in the level of custody.

The undersigned agrees with the court's analysis in Burnam v. Marberry, 2008 WL 4190785 (W.D.Pa. ). In that case a federal prisoner attempted to challenge BOP's determination of his custody and security classification based on its finding that the prisoner had a serious history of violence.[3] The finding was supported, in part, by a previous prison discipline code violation. The prisoner argued that the BOP staff member who issued the violation notice "mischaracterized the incident in question". *Id*, at * 4. The prisoner filed a § 2241 petition in an attempt to expunge the record of the violation, and thus lower his history of violence score. The court found:

> "At most, that would impact the security level of the penal institution at which he would be eligible to serve his term of imprisonment and to which he would be transferred. The length of the term of his sentence will not change even if this court rules in his favor. Moreover, there is no allegation or indication whatsoever that [Petitioner] would be eligible for community confinement in the event that he succeeded in the claims presented to this court. Accordingly, his claims do not amount to the challenge to the "execution" of his sentence and this court does not have subject matter jurisdiction under 28 U.S.C. § 2241."

---

[3] The prisoner's "history of violence", like his criminal history score is one of the factors used to determine his custody and security classification.

4

The undersigned, therefore, concludes that this Court lacks jurisdiction of Brown's petition.

**2. Privacy Act**.

Brown also appears to allege that BOP is in violation of the Privacy Act. Title 5, U.S.C. § 552a(e)(5) requires executive branch agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination [about the individual]..." Section 552a(d) allows individuals access to agency records about themselves to request the amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete." Civil actions to enforce the provisions of the Privacy Act are authorized by § 552a(g).

Insofar as Brown seeks his remedy under the Privacy Act his claim fails. Section § 552a(j) authorizes the heads of law enforcement agencies to exempt certain types of records from specified provisions of the Act. The Department of Justice has properly exempted BOP's Inmate Central Record System from the Privacy Act's amendment requirements. *See* 28 C.F.R. § 16.97 and White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C.Cir. 1998) (per curiam) and Brown v. Bureau of Prisons, 498 F.Supp.2d 298 (D.D.C. 2007) ("Because BOP regulations exempt the Inmate Central Records System from subsection (d) of the Privacy Act, Plaintiff cannot obtain the relief he seeks, that is, amendment of the PSR itself.").

### Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary

judgment be **granted** and the petition **dismissed**.

    The parties are referred to the Notice Page attached hereto.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

October 24, 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).